UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-62243-BLOOM/Valle

DEBRA BARNES,

    Plaintiff,

v.

FRAMELESS SHOWER DOORS &
ENCLOSURES, INC., d/b/a The Original
Frameless Shower Doors, and
JOHN SERINO,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court upon Plaintiff Debra Barnes' Motion to Strike Defendants' Professional Exemption Affirmative Defense, ECF No. [53] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings thereto, and the record in this case, and is otherwise fully advised as to the premises.

### I. BACKGROUND

Plaintiff Debra Barnes ("Plaintiff") commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* Complaint, ECF No. [1] at 1. On March 19, 2015, Defendants, Frameless Shower Doors & Enclosures, Inc. and John Serino (collectively, "Defendants") filed their Motion for Summary Judgment, ECF No. [36], which asserted, *inter alia*, that Plaintiff was exempt from the FLSA under both the administrative and professional exemption. *Id.* at 8-13; *see also* 29 U.S.C. § 213(a)(1) ("The provisions of section 206 . . . and section 207 of this title shall not apply with respect to . . . any employee employed in a bona fide

1

executive, administrative, or professional capacity . . . ."). On April 6, 2015, Plaintiff moved to strike Defendants' professional exemption affirmative defense, asserting that it was raised for the first time in Defendants' Motion for Summary Judgment. *See* Motion to Strike, ECF No. [53].

Indeed, no prior filing in this matter has explicitly asserted the professional exemption. Defendants' Third Affirmative Defense vaguely alludes to Defendants' intention to assert FLSA exemptions but does not specifically note which are to be asserted:

> <u>Exempt Employee</u>.  The purported causes of action contained in Plaintiff's Complaint fail to state a cause of action upon which relief can be granted because Plaintiff is exempt from the Fair Labor Standards Act, and was properly and fully paid for all work performed.

Amended Affirmative Defenses, ECF No. [33] at 1-2. Moreover, when questioned as to whether Defendants expect to rely upon any FLSA exemption, Defendants only stated the intention to utilize the administrative exemption. *See* Answers to Interrogatories, ECF No. [46-1] at 2 ("To the extent Plaintiff worked in excess of 40 hours, Plaintiff is exempt pursuant to the administrative exemption of the FLSA."). Thus, it is apparent that Defendants' first explicit reference to the professional exemption occurred in their Motion for Summary Judgment. As a result, Plaintiff implores the Court to deem the professional exemption affirmative defense waived. *See* Motion, ECF No. [53] at 5.

## II. DISCUSSION

In general, an affirmative defense that is not specifically pled is deemed waived. *See Bergquist v. Fid. Info. Servs., Inc.*, 197 F. App'x 813, 814 (11th Cir. 2006) (citing *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) ("If the party fails to raise an affirmative defense in the pleadings, the party generally waives its right to raise the issue at trial." (citing and affirming district court decision)). This general principle has been found to apply with equal force to FLSA exemptions raised as affirmative defenses. *Morrison v. Executive Aircraft*

*Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) ("A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived."). However, "[w]here a defendant pleads generally that a plaintiff is not covered under the FLSA, but fails to identify the specific FLSA exemptions that are applicable, the defendant should be given leave to amend the defense." *Id.* (citation omitted).

The Eleventh Circuit has specifically noted that where a plaintiff has received notice of an affirmative defense despite the defendant's failure to comply with Fed. R. Civ. P. 8(c), no prejudice results. *Bergquist*, 197 F. App'x at 815-16. Although the instant matter was filed on September 30, 2014, substantial time remains in the discovery period. *See* Scheduling Order, ECF No. [11] at 2 (setting expiration of discovery period for August 4, 2015). Any prejudice Plaintiff has claimed can only reasonably result from the necessity that she defend against the exemption in Defendants' Motion for Summary Judgment.[1] However, Defendants have expressed a willingness to withdraw assertion of the exemption for summary judgment purposes and propose that they be permitted to amend their affirmative defenses to reflect their present position. *See* Response, ECF No. [60]. The Court deems this an acceptable compromise which will allow Defendants to adequately defend in this litigation without causing prejudice to Plaintiff. Plaintiff has been alerted to Defendants' intention to assert the professional exemption defense well in advance of trial. *See Bergquist v. Fid. Info. Servs., Inc.*, 399 F. Supp. 2d 1320, 1325 (M.D. Fla. 2005) *aff'd*, 197 F. App'x 813 (11th Cir. 2006) ("Furthermore, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's

---

[1] Plaintiff contends that the additional discovery related to the new affirmative defense results in unnecessary prejudice because Plaintiff will have to expend further resources to litigate this separate issue. As noted, discovery in this matter will not close for another three months and trial is not set to occur until November, 2015. *See* Scheduling Order, ECF No. [11] at 1-2. Accordingly, the Court is not persuaded by Plaintiff's claims of prejudice.

failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." (quoting *Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) (internal quotation marks omitted)). Accordingly, the Court declines to find that the defense has been waived and instead opts to allow Defendants' leave to amend. *See Morrison*, 434 F. Supp. 2d at 1319 (striking affirmative defense but allowing defendants leave to amend where affirmative defense simply noted that plaintiff was "exempt under applicable statutes").

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Debra Barnes' Motion to Strike Defendants' Professional Exemption Affirmative Defense, **ECF No. [53]**, is **DENIED**. Defendants shall amend their Affirmative Defenses to include the professional exemption **on or before May 11, 2015**. Failure to timely amend will result in the professional exemption being deemed waived. Furthermore, the Court will not consider the professional exemption on the issue of summary judgment at this juncture.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of May, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record