UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62243-BLOOM/VALLE

DEBRA BARNES,

    Plaintiff,

v.

FRAMELESS SHOWER DOORS &
ENCLOSURES, INC. d/b/a THE
ORIGINAL FRAMELESS SHOWER DOORS,
and JOHN SERINO,

    Defendants.
_____/

**ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' VIDEO FOOTAGE**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendants' Video Footage ("Motion") (ECF No. 54). United States District Judge Beth Bloom has referred all discovery matters to the undersigned for appropriate disposition. (ECF No. 11). The Court has reviewed the Motion, Defendants Frameless Shower Doors & Enclosures, Inc.'s ("Frameless") and John Serino's Response (ECF No. 57), Plaintiff's Reply (ECF No. 59), and is otherwise duly advised in the premises. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**I.**    **BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") case. Plaintiff has sued Defendants for allegedly failing to pay her proper overtime wages. *See* Complaint (ECF No. 1). A central issue in this case, therefore, is whether Plaintiff worked more than 40 hours per week during her employment with Frameless from July 21, 2014 to September 29, 2014. *See* (ECF No. 5-1).

On November 17, 2014, Plaintiff served her First Request for Production of Documents on Defendants. (ECF No. 54-1). Request Number 11 asked Defendants to produce:

> All documents, including but not limited to, correspondence and communications, memoranda, notes, ***video*** or audio recordings, transcriptions, written statements or other reductions to writings, between Defendants and any current or former director, officer, or current or former agent or employee of Defendants before or after Plaintiff's employments with Defendants began, regarding Plaintiff's employment with Defendants, any allegation contained in Plaintiff's Complaint, any response in Defendants' Answer and Affirmative Defenses, and any and all subsequent answers and affirmative defenses filed by Defendants—amended or otherwise.

*Id.* at 11 (emphasis added). Request Number 12, for its part, asked Defendants to produce:

> All documents, including, but not limited to, correspondence and communications, memoranda, notes, ***video*** or audio recordings transcriptions, written statements or other reductions to writing, of interviews or conversations with any current or former director, officer or current or former agent or employee of Defendants, concerning Plaintiff's employment with Defendants or the subject matter of this Action.

*Id.* at 11-12 (emphasis added). In response to Request Numbers 11 and 12, Defendants stated "None known." (ECF No. 54-2 at 3).

On January 7, 2015, Plaintiff deposed Frameless' corporate representative, Michael High. (ECF No. 54-3). During the deposition, Mr. High testified that Frameless has 15 or 16 video cameras on its premises that would show the times when Plaintiff arrived and left work each day. *Id.* at 2:10-3:6. Plaintiff's counsel immediately asked for a copy of all of the video footage covering Plaintiff's employment period to evince how many hours Plaintiff worked each day. *Id.* at 4:24-5:5, 7:3-14. Defendants' counsel, for his part, agreed to produce the footage.[1] *Id.* at 6:3-4, 9:8-11.

Shortly thereafter, on January 12, 2015, Defendants' counsel sent Plaintiff's counsel an email advising that the cost of compiling and producing the requested video footage would be

---

[1] Although Defendants dispute that the video is responsive to Request Number 12, *see* (ECF No. 57 at 3), the parties agree that the video is responsive to Request Number 11, *see* (ECF No. 54 at 2) and (ECF No. 57 at 3).

$9,375.00.  (ECF No. 54-4).  According to Defendants' counsel, Plaintiff would have to bear this cost.  *Id.*  This cost was based on a quote Frameless had procured from its IT consultant, Romy Computer Services, Inc. ("Romy").  (ECF No. 54-5).  Romy estimated that it would take around 75 hours (at the rate of $125.00 per hour) to review all the video and document Plaintiff's "time in and out."  *Id.*

Despite receiving Defendants' counsel's email on January 12, 2015, Plaintiff's counsel did not respond to the email until more than two months later.  *See* (ECF No. 54-6).  On March 16, 2015, Plaintiff's counsel emailed Defendants' counsel:

> As you're aware, I did not request a price quote for Defendants' IT consultant to review the video footage.  My request for production requested the actual footage.  This is my effort to confer before moving to compel.

*Id.* at 1-2.  The parties then exchanged several additional emails about the video footage later that same day, but to no avail.  *See id.*

On April 6, 2015, Plaintiff moved to compel Defendants to produce the video footage without any prepayment.  (ECF No. 54).  The Motion is now ripe for adjudication.

**II.     DISCUSSION**

Under Local Rule 26.1(i)(1), "motions to compel discovery . . . shall be filed within thirty (30) days of the occurrence of grounds for the motion.  Failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought."  S.D. FLA. L.R. 26.1(i)(1).  This rule "'reflects a policy of promoting the prompt resolution of discovery disputes by requiring the parties to timely bring to the court's attention matters that the parties cannot resolve amongst themselves.'"  *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 5311233, at *1 (S.D. Fla. Sept. 23, 2013) (quoting

3

*Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357-CIV, 2012 WL 1409532, at *2 (S.D. Fla. Apr. 23, 2012)).

What constitutes "the occurrence of grounds" for a motion to compel depends on the facts of each dispute. *See Manno*, 2012 WL 1409532 at *2. As then-Magistrate Judge Robin Rosenbaum has explained, the "occurrence of grounds" for a motion "could be any of several acts besides service of discovery responses—*e.g.*, a letter from counsel, an e-mail message, a phone call, or discussions during a deposition." *Id.* "[T]he key point is that once a party seeking discovery learns that the opposing party objects to providing the requested discovery, the first party must seek relief from the court within thirty days or else be deemed to have waived such relief." *Id.*; *see, e.g.*, *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, No. 02-61752-CIV, 2005 WL 5960933, at *2 (S.D. Fla. Nov. 17, 2005) (denying motion to compel for failure to file within 30 days of the occurrence of grounds for the motion).

In this case, the current discovery dispute arose from Defendants' demand that Plaintiff pay Romy $9,375.00 to compile, review, and produce video footage. The occurrence of the grounds for Plaintiff's Motion, therefore, was Defendants' counsel's email on January 12, 2015, demanding the prepayment. Plaintiff thus had thirty days from that date (*i.e.*, until February 11, 2015) to move to compel production of the video footage. But Plaintiff did not file her Motion until April 6, 2015—84 days after Defendants' counsel's email. *See* (ECF No. 54). Consequently, Plaintiff's Motion is untimely and thus "constitute[s] a waiver of the relief sought" unless Plaintiff can show "reasonable cause" for the delay. *See* S.D. FLA. L.R. 26.1(i)(1).

Based on the record before the Court, Plaintiff has not shown reasonable cause for the 84-day delay. For example, despite receiving Defendants' counsel's email on January 12, 2015,

4

Plaintiff's counsel waited until March 16, 2015—more than two months—to first respond to Defendants' demand for prepayment. Although the parties' email exchange on January 12, 2015 referenced an agreement to "suspend[ ] the advancement of the litigation pending the outcome of mediation," *see* (ECF No. 54-6 at 2), Local Rule 26.1(i)(1) specifically states that the deadline for filing discovery motions may not be extended by stipulation. *See* S.D. Fla. L.R. 26.1(i)(1) ("Neither this thirty (30) day period nor any other Court-ordered scheduling deadlines may be extended by stipulation.").

In short, Plaintiff's counsel has not cited anything in the record to support the 84-day delay in filing the Motion. Accordingly, because Plaintiff has not shown reasonable cause for the delay, Plaintiff has waived the relief sought. *See, e.g.*, *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 1237553, at *3 (S.D. Fla. Mar. 26, 2014) (denying motion to compel filed 96 days after the occurrence of grounds for the motion as untimely absent a showing of reasonable cause for the delay); *Muzaffarr*, 2013 WL 5311233 at *1 (denying motion to compel filed 52 days after the occurrence of the grounds for the motion); *Manno*, 2012 WL 1409532 at *2 (denying motion to compel filed three days late due to a calendaring error caused by a leap year).

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Defendants' Video Footage (ECF No. 54) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, on June 4, 2015.

                                                                                    _____
                                                                                    ALICIA O. VALLE
                                                                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record