UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62243-BLOOM/VALLE

DEBRA BARNES,

    Plaintiff,

v.

FRAMELESS SHOWER DOORS &
ENCLOSURES, INC., d/b/a THE
ORIGINAL FRAMELESS SHOWER DOORS,
and JOHN SERINO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Final Judgment ("Motion") (ECF No. 68). United States District Judge Beth Bloom has referred the Motion to the undersigned for appropriate disposition. (ECF No. 74). The Court has reviewed the Motion, Defendants Frameless Shower Doors & Enclosures, Inc.'s and John Serino's (collectively, "Defendants") Response (ECF No. 69), Plaintiff's Reply (ECF No. 72), and is otherwise duly advised in the matter.

For the reasons set forth below, the undersigned recommends that the Motion be **GRANTED** and that judgment be entered for Plaintiff and against Defendants pursuant to the terms of the Offer of Judgment made by Defendants (ECF No. 66-1) and accepted by Plaintiff (ECF No. 66).

    **I.**    **BACKGROUND**

This is a Fair Labor Standards Act ("FLSA") case in which Plaintiff has sued Defendants for allegedly failing to pay her $758.70 in overtime wages. *See* Complaint (ECF No. 1) and

Amended Statement of Claim (ECF No. 16).  On July 9, 2015, Defendants served on Plaintiff's counsel an offer of judgment in the amount of $1,517.40 (plus interest, if any), pursuant to Federal Rule of Civil Procedure 68 (ECF No. 66-1) (the "Offer of Judgment").  The Offer of Judgment was for the full amount of Plaintiff's claim ($758.70), plus an additional $758.70 in alleged liquidated damages.  The Offer of Judgment further specified that attorney's fees and costs would be "determined by the Court upon timely motion." *Id.*  On July 21, 2015, Plaintiff accepted the Offer of Judgment and filed it and her Notice of Acceptance (the "Acceptance") with the Court (ECF No. 66).

On July 30, 2015, District Judge Beth Bloom entered an order approving the Offer of Judgment and Acceptance and dismissing the case (ECF No. 67) (the "Order").  Thereafter, Plaintiff's counsel contacted Defendants' counsel seeking approval for the filing of a joint motion for entry of final judgment.  *See* (ECF No. 68 at 2-3).  Defendants' counsel responded by asking if Plaintiff would agree instead to accept a tender of the full amount owed without the entry of a judgment, while still reserving the issue of fees and costs for the court.  *Id.* at 3. Plaintiff's counsel refused, but Defendants nevertheless delivered to Plaintiff's counsel a check for $1,745.01, representative of the amount of the Offer of Judgment plus interest.  *Id.* at 4, 9-10. Defendants thereafter indicated that they would oppose the entry of a final judgment in light of having tendered the full amount of Plaintiff's claim.  *Id.* at 10.

On August 10, 2015, Plaintiff filed the instant Motion (ECF No. 68), requesting the entry of a final judgment pursuant to Rule 68(a) and the terms of the Offer of Judgment.

    II.    <u>ANALYSIS</u>

Federal Rule of Civil Procedure 68 provides in pertinent part:

> **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing

> party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

The question presented is whether Defendants can avoid the entry of a judgment following Plaintiff's acceptance of their Offer of Judgment by tendering the full amount of Plaintiff's claim before judgment is entered. Plaintiff argues in her Motion that the language of Rule 68 is mandatory and requires that a judgment be entered in her favor and against Defendants upon her acceptance of their Offer of Judgment. *See* (ECF No. 68 at 16-18). This Court agrees.

Rule 68(a) unambiguously states than upon the filing of an "offer and notice of acceptance, plus proof of service," the clerk "must" enter judgment. Courts applying Rule 68 have acknowledged the mandatory operation of this rule. *See Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1152-53 (11th Cir. 2008) ("An offer of judgment, as contemplated by Rule 68, requires that a judgment be entered in favor of the offeree."); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("Rule 68 also leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted."). Defendants have not cited any authority recognizing an exception to the mandatory language of Rule 68.

Defendants argue that the Motion is somehow moot because the Court's Order approving the Offer of Judgment and Acceptance (ECF No. 67) closed the case. (ECF No. 69 at 5). This argument is unpersuasive. Defendants have cited no legal authority prohibiting the Court from addressing and granting the Motion or from reopening the case to enter a final judgment. *See Hooker v. Shinseki*, No. 8:11-CV-1230-T-33EAJ, 2013 WL 672566, at *1 n. 1 (M.D. Fla. Feb. 25, 2013) (noting that motions and orders are often filed in closed cases and, as such, the court "did not lose the power to enter an order, such as the order granting the Motion for Final

3

Judgment, simply because the case was closed"). Regardless, the act of entering a final judgment pursuant to Rule 68 "is a ministerial act that does not require the action of the judge." *Harris v. City of New York*, No. 03 CIV. 8767 (RWS), 2004 WL 1555194, at *1 (S.D.N.Y. July 12, 2004).

Defendants next argue that the entry of a final judgment is a "moot point" because Defendants tendered the full amount owed to Plaintiff immediately after Plaintiff accepted the Offer of Judgment. (ECF No. 69 at 6). *See Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) ("Offers for the full relief requested have been found to moot a claim."). However, the Eleventh Circuit has held that a settlement offer, even if tendered, does not afford an FLSA claimant "full relief" sufficient to moot the claim without the entry of a judgment in favor of the plaintiff and against the defendant. *See id.* at 1167-68 (holding that settlement offer for more than full amount of statutory damages, without an accompanying offer of judgment, did not moot FDCPA claim); *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 794-95 (11th Cir. 2013) (extending holding in *Zinni* to FLSA case where full amount was tendered and accepted); *Manley v. RSC Corp.*, No. 8:14-CV-1327-T-30TGW, 2014 WL 3747695, at *2 (M.D. Fla. July 29, 2014) ("*Zinni* and *Wolff* both make it clear that settlement offers do not moot an action under the FLSA if there is no offer of judgment in favor of the plaintiff and against the defendant, regardless of whether the offer is tendered.").

Defendants try to distinguish *Zinni* and its progeny by arguing that Plaintiff received "full relief" by virtue of her acceptance of the Offer of Judgment and receipt of the tender, thus obviating the need for a judgment. (ECF No. 69 at 6-7). Again, Defendants fail to cite any authority to support this proposition. Moreover, this argument contradicts the language of the Offer of Judgment itself, which states that Defendants "hereby offer to allow Judgment to be

4

entered against them on all counts in the Complaint in this action. . . ." (ECF No. 66-1). *See Curry v. Cnty. of Lake*, No. C-94-0085 MHP, 1995 WL 125445, at *1 (N.D. Cal. Mar. 15, 1995) ("An offer of judgment is an offer that judgment be entered on all claims in the action in which it is offered unless otherwise stated. The acceptance is an agreement that the offer be accepted on those terms.").

### III.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Motion (ECF No. 68) be **GRANTED** and that a final judgment be entered for Plaintiff and against Defendants pursuant to the terms of the Offer of Judgment (ECF No. 66-1).

The parties have 14 days from the date of this Report and Recommendation within which to serve and file written objections, if any, with United States District Judge Beth Bloom. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, on October 8, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record