UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62243-BLOOM/VALLE

DEBRA BARNES,

    Plaintiff,

v.

FRAMELESS SHOWER DOORS &
ENCLOSURES, INC., d/b/a THE
ORIGINAL FRAMELESS SHOWER DOORS,
and JOHN SERINO,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER is before the Court on Defendants' Motion for Sanctions (the "Motion") (ECF Nos. 69 and 71).[1] United States District Judge Beth Bloom has referred the Motion to the undersigned for appropriate disposition. (ECF No. 74). The Court has reviewed the Motion, Plaintiff's Response (ECF No. 73), Defendants' Reply (ECF No. 75), and being fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **DENIED** for the reasons discussed below.[2]

---

[1] Defendants' Motion for Sanctions was initially included in Defendants' response to Plaintiff's Motion for Entry of Final Judgment (ECF No. 69). Consequently, the Clerk assigned ECF No. 71 to the portion of Defendants' response that contains their request for sanctions. For purposes of this Order, however, citations to the Motion will be to ECF No. 69.

[2] A United States Magistrate Judge has the authority to enter an order (as opposed to a report and recommendation) denying sanctions. *Lazy Lee, LLC v. Lazy Lee Prods. LLC*, No. 15-20118-CIV, 2015 WL 3994852, at *1 n.1 (S.D. Fla. July 1, 2015); *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 633581, at *1 n.2 (S.D. Fla. Feb. 18, 2014); *Avril v. Five Star Restaurant Holdings, LLC, et al.*, No. 11-cv-61783 (S.D. Fla. May 7, 2013), ECF No. 136 at 1 n.1; *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012).

**I.     BACKGROUND**

This is a Fair Labor Standards Act case in which Plaintiff sued Defendants for allegedly failing to pay her $758.70 in overtime wages. *See* (ECF Nos. 1 and 16). Despite the modest value of Plaintiff's claim, the litigation has been highly contentious, and the parties have exhibited a recurring inability to cooperate on even routine matters. *See, e.g.*, (ECF No. 29) (court order detailing the parties' difficulties in agreeing on a mediator and mediation date). The parties were unable to settle the case at mediation or at the court-ordered settlement conference. *See* (ECF Nos. 43 and 45).

On March 19, 2015, Defendants moved for summary judgment (ECF No. 36), which the Court denied. *See* (ECF No. 63). Thereafter, Defendants served on Plaintiff's counsel an offer of judgment for the full amount of Plaintiff's claim (ECF No. 66-1), and Plaintiff accepted. *See* (ECF No. 66). Despite Plaintiff's acceptance of the offer of judgment, Defendants refused to agree to the entry of a final judgment against them, prompting Plaintiff to file a Motion for Entry of Final Judgment (ECF No. 68) (the "Motion for Final Judgment"). On October 18, 2015, the undersigned entered a Report and Recommendation that the Motion for Final Judgment be granted. (ECF No. 76). On October 27, 2015, the District Court adopted the undersigned's recommendation and granted the Motion for Final Judgment. (ECF No. 77).

In the Motion for Final Judgment, Plaintiff described various instances of alleged "egregious bad-faith conduct" by Defendants' counsel during the course of the litigation. (ECF No. 68 at 11-16). Defendants responded by making their own accusations regarding Plaintiff's counsel's conduct and filing the instant Motion. (ECF No. 69 at 7-16). Specifically, Defendants seek sanctions against Plaintiff and her counsel, in the form of a dismissal and a denial of the attorney's fees that Plaintiff has yet to request, pursuant to 28 U.S.C. § 1927 and

this Court's inherent authority to impose sanctions.  (ECF No. 69 at 8-10, 16).   In response, Plaintiff cross-moves for sanctions, claiming that Defendants' Motion itself is frivolous and that Defendants improperly disclosed to the Court confidential mediation communications in violation of Fla. Stat. § 44.405(1).  (ECF No. 73 at 11, 14).

For the reasons set forth below, the Court declines both parties' requests for sanctions.[3]

## II.   ANALYSIS

In relevant part, 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Courts interpreting § 1927 have commented that it "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel."  *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997).  Rather, to impose sanctions pursuant to § 1927, the Court must find that: (1) the attorney engaged in unreasonable and vexatious conduct; (2) the conduct at issue multiplied the proceedings; and (3) the amount of the sanction has a financial nexus to the excess proceedings.  *Id.*  The first requirement is satisfied only when the attorney's conduct is so egregious that it amounts to bad faith.  *See Richards v. Sen*, 825 F. Supp. 2d 1259, 1263 (S.D. Fla. 2010), *aff'd*, 418 F. App'x 921 (Fed. Cir. 2011).  A finding of bad faith is appropriate "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims."  *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).  Moreover, a determination of bad faith turns "not on

---

[3] The Court also declines Defendants' request for an evidentiary hearing.  *See* (ECF No. 75 at 7). Local Rule 7.1(b)(2) requires that the party requesting a hearing detail the reasons for a hearing and how it would be helpful to the Court.  Defendants failed to do so.  Based on the record, the Court does not find that a hearing is necessary to resolve the Motion.

the attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239-40 (11th Cir. 2007).

In addition to § 1927, the Court also has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices." *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV-HUCK, 2009 WL 899925, at *1 (S.D. Fla. Mar. 31, 2009), *aff'd*, 371 F. App'x 994 (11th Cir. 2010); *Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010) ("Federal courts have the inherent power to impose sanctions on parties and lawyers."). As with § 1927 sanctions, "[i]nvocation of a court's inherent power requires a finding of bad faith." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *Amlong*, 500 F.3d at 1251 ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith."); *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 n.6 (11th Cir.2005); *Amlong*, 500 F.3d at 1252 ("[T]he threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927."). Accordingly, "sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers." *Amlong*, 500 F.3d at 1252. Moreover, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

### A.  Defendants' Request for Sanctions

Against this backdrop, the undersigned finds that, while Plaintiff's counsel may have exhibited poor judgment and perhaps a lack of collegiality in some of his dealings with defense counsel, the conduct in question was not so egregious that it amounts to bad faith justifying the imposition of sanctions under either § 1927 or the Court's inherent power. *See Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 686-87 (S.D. Fla. 2009) (declining to impose sanctions

despite fact that counsel "did not exhibit the collegiality or professionalism expected of attorneys in this District" given the high standard for an award of sanctions).

In the Motion, Defendants seek sanctions based on four specific instances of alleged misconduct by Plaintiff's counsel: (1) Plaintiff's dilatory conduct in scheduling court-ordered mediation; (2) Plaintiff's failure to file an opposition brief to Defendants' motion to amend affirmative defenses after Plaintiff's counsel stated that he opposed the motion; (3) Plaintiff's refusal to resolve the motion to strike Defendants' professional exemption defense in the manner suggested by Defendants; and (4) Plaintiff's counsel's alleged false personal attacks on Defendants' counsel. (ECF No. 69 at 10-14).[4] The Court will address each in turn.[5]

Defendants' first ground for requesting sanctions (i.e., Plaintiff's delay in scheduling mediation) relates to the same alleged conduct that was presented by Defendants to the District Court in a prior motion for sanctions, filed on February 2, 2015. *See* (ECF No. 27). The Court denied that motion, and instead directed the parties to schedule mediation. (ECF No. 29). Here, Defendants provide no additional basis for the undersigned to reconsider the Court's prior ruling. Nor does the undersigned find that a different result is warranted given that the parties ultimately scheduled and attended mediation as ordered. *See* (ECF Nos. 34 and 43).

---

[4] In their reply brief, Defendants raise additional bases for sanctions that they did not raise in the initial Motion. *See* (ECF No. 75). The Court, however, will not consider arguments raised for the first time in a reply brief. *See Novoferreiro v. Israel*, No. 14-CIV-62674, 2015 WL 2152682, at *5 (S.D. Fla. May 6, 2015) (declining to consider new argument raised for the first time in a reply brief).

[5] However, to the extent Defendants argue about the reasonableness of the anticipated attorney's fees that Plaintiff may request, *see, e.g.*, (ECF Nos. 69 at 9-10, 15; 75 at 6), this Court will not entertain such speculation. The issue of the reasonableness of any request for attorney's fees and costs is not yet properly before the Court.

Defendants next contend that sanctions should be imposed because Plaintiff's counsel verbally opposed Defendants' motion for leave to amend affirmative defenses (the "Motion for Leave"), but never actually filed a brief in opposition. (ECF No. 69 at 13). Defendants cite to no legal authority or procedural rule requiring Plaintiff to file an opposition brief after stating that she would oppose the motion. Nor do Defendants cite to any legal authority supporting the imposition of sanctions in such a circumstance. Moreover, the undersigned does not find Plaintiff's conduct objectively unreasonable given the timing of the Motion for Leave. *See* (ECF No. 20). The record reflects that Defendants waited until almost 2:00 p.m. on the last day of the deadline to amend pleadings to contact Plaintiff's counsel regarding Defendants' intent to seek leave to amend. *See* (ECF No. 69-4). Plaintiff should not be sanctioned for taking an initial position on short notice that she later decided not to pursue. As well, the undersigned finds no merit in Defendants' contention that more time was spent generating the Motion for Leave in light of Plaintiff's opposition. (ECF No. 69 at 13). Indeed, Defendants' own exhibit reflects that the Motion for Leave had been drafted prior to Defendants contacting Plaintiff about her position. *See* (ECF No. 69-4). Such conduct does not meet the objective standard of bad faith required for the imposition of sanctions.

The undersigned also rejects Defendants' third stated ground for sanctions concerning Plaintiff's motion to strike Defendants' professional exemption defense (the "Motion to Strike"). *See* (ECF No. 69 at 13-14). Defendants argue that their proposal to resolve the Motion to Strike was reasonable and was ultimately accepted by the Court. *Id.* Defendants also claim that Plaintiff's counsel's response to the proposal was unprofessional and included unwarranted personal attacks. *Id.* Even assuming that Defendants' proposal was reasonable and that Plaintiff's counsel's response could have been more courteous, Plaintiff was not required to

6

accept the proposal.  Moreover, Plaintiff's argument that Defendants waived their professional exemption defense was neither reckless nor frivolous.  Lastly, Defendants' initial refusal to resolve Plaintiff's request to strike the professional exemption defense undermines Defendants' complaint that they were required to file an unnecessary response to the Motion to Strike.  *See* (ECF No. 69 at 14).

Finally, Defendants seek sanctions based on Plaintiff's counsel's alleged false personal attacks on defense counsel.  *Id.*  Specifically, Defendants focus on Plaintiff's accusation that Defendants' counsel failed to divulge that a witness had a Florida address for service.  *Id.* at 14.  Having reviewed the parties' arguments on this issue, the Court does not find that Defendants acted in bad faith regarding the location of the witness.  Nevertheless, the Court does not find that Plaintiff's counsel's conduct was so egregious or objectively unreasonable as to warrant the imposition of sanctions.

### B.  Plaintiff's Cross-Request for Sanctions

Plaintiff's cross-request for sanctions (ECF No. 73 at 14) is likewise denied as unwarranted given the facts of the case.  The undersigned also denies Plaintiff's request for sanctions under Fla. Stat. § 44.405(1).  *See* (ECF No. 73 at 4-5, 11, 14).  The undersigned finds that Defendants did not violate the confidentiality of mediation.

### III.  CONCLUSION

In a case where both sides claim that they have attempted to limit litigation costs, both sides have multiplied the proceedings through their inability to cooperate and litigate with collegiality.  That said, the parties' conduct does not warrant the imposition of sanctions.  However, the parties are reminded that civility in the practice of law is not just an aspirational goal, but a requirement of our Local Rules and the Oath of the Florida Bar.  *See* S. D. Fla. L. R. Intro. ("[I]t is a fundamental tenet of this Court that attorneys in this District be governed at all

times by a spirit of cooperation, professionalism, and civility."); Oath of Admission to the Florida Bar (requiring attorneys to pledge fairness, integrity, and civility, not only in court, but in all written and oral communications).

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Sanctions (ECF Nos. 69 and 71) and Plaintiff's cross-request for sanctions (ECF No. 73 at 14) are **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on October 27, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record